IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|   |   |   |
|---|---|---|
| IN RE WARD SCOTT WOOD | ) ) ) | Case No. 07-mc-0011-MJR |

MEMORANDUM and ORDER

REAGAN, District Judge:

In February 2007, Ward Scott Wood opened the above-captioned miscellaneous case by presenting a $39 filing fee and a sizeable stack of papers to the Clerk's Office of this Court. The documents contained no pleading captioned as a "complaint," no document explaining the relief Wood sought, and no paper plainly describing the dispute out of which this putative lawsuit arose.

On February 22, 2007, the undersigned District Judge dismissed this miscellaneous case without prejudice, instructing (Doc. 2, p. 3):

> If the Court liberally construes the hundreds of pages of material presented by Wood ... as constituting a "complaint," that complaint is unintelligible and puts no one on notice of what Wood's claim is [or] who Wood attempts to sue.... If Wood has a claim over which this federal Court may assert subject matter jurisdiction, he may file a straightforward document labeled as a "Complaint," listing himself as the "Plaintiff" and whomever he sues as the "Defendant."

Along with the February 22nd dismissal Order, the Clerk's Office provided Wood a copy of the Court's January 2007 "Pro Se Litigant Guide," for Wood's reference in filing any future lawsuits/complaints.

Just one month later, Wood filed a pleading herein captioned "Order for

Writ of Assistance and Writ of Execution" (Doc. 3).  The "Order" appears to be a motion by Wood asking the Court to, *inter alia*, (a) declare Wood a "non-taxpayer by Notarial Protest," (b) direct the Internal Revenue Service to refund to Wood "all accounts" paid by Wood "up to and including the Year 1997," (c) order the United States Marshal Service to help Wood obtain assets of the Conoco Phillips Company "pursuant to the … International Postal Treaty … and laws of the State of Illinois," and (d) award Wood $49,500,000 in damages, "plus interest according to the Uniform Commercial Code" (Doc. 3, pp. 1-2).

Wood's March 23rd Order motion merits prompt denial.  First, there is no civil lawsuit pending in which Wood can properly *file* any motion.  Nor does the record disclose any basis for this Court to exercise federal subject matter jurisdiction.

Second, even if there was an open civil lawsuit in which to file this motion, neither a "writ of assistance" nor a "writ of execution" is appropriately issued here.  Typically, such writs are issued *after* an order or decree has been entered by a Court divesting a person, entity, or party of title to property.

So, for instance, a writ of assistance may be issued to compel delivery of possession of property after a tax sale or to secure possession of land that has been condemned for public use.  *See* 6 AM. JUR. 2D *Equitable Proceedings § 7* (2007).  Similarly, a writ of execution may be issued to authorize seizure of property (usually by a sheriff or marshal) in satisfaction of a judgment obtained in a lawsuit.  *See, e.g., In Re Leonard*, 125 F.3d 543, 545 (7th Cir. 1997); 28 U.S.C. § 3202(a).  The best the Court

can glean, Wood has obtained no judgment or other lawful decree against Conoco Phillips which would justify seizure of any property.

Finally, the Court's February 22, 2007 Order carefully described the process by which Wood could commence a civil lawsuit. He disregarded those instructions in filing his March 23, 2007 motion.

For all these reasons, the Court DENIES Wood's motion seeking issuance of writs of assistance and execution (Doc. 3).

IT IS SO ORDERED.

DATED this 10th day of April 2007.

s/ Michael J. Reagan  
MICHAEL J. REAGAN  
United States District Judge